## BUCK BRAY v. THE STATE.

REASONABLE DOUBT.—It is not error in the court to instruct the jury
on a trial for theft that "if they have a reasonable doubt as to the
honest or felonious intent" they will acquit.

APPEAL from Lamar.   Tried below before the Hon. James
Q. Chenoweth, Judge of the Criminal Court of the city of
Paris, in said county.

Buck Bray was convicted of theft of a cow and his pun-
ishment fixed at two years in the penitentiary.

The testimony was conflicting; defendant introducing
testimony that the cow was the property of his father, who
was jointly indicted with him.

The court charged the jury as to the intent, "If you have
a reasonable doubt as to the honest or felonious intent with
which the cow was taken, if taken at all, you will give the
benefit of the doubt to the defendant."

*Hale & Scott*, for appellant.

*A. J. Peeler, Assistant Attorney General*, for the State.

IRELAND, ASSOCIATE JUSTICE.—This is the third time this
case has been before this court.

When here before it was reversed for errors in the charge
to the jury.

The errors assigned in this record are, (1) Error in charge
to the jury, especially in the eighth clause; (2) The court
erred in refusing each and all the instructions asked and
in overruling motion for new trial.

The matter complained of in eighth clause of the charge
is in charging the jury that they must be satisfied beyond a
reasonable doubt of the felonious intent with which the
property was taken; "if you are not satisfied beyond a rea-
sonable doubt of the honest or felonious intent, you must
acquit."

We think the fair deduction to be drawn from the use of these words is that the jury must be satisfied beyond a reasonable doubt that the property was fraudulently taken before a conviction could be had ; that is, if after due attention to the law and the facts in evidence, there remained on their minds a reasonable doubt as to the intent with which the act was done, that the defendant was to be acquitted.

We think no other reasonable construction can be given to this language, and that it could not have misled the jury to defendant's prejudice. No valid objection can be raised to the remainder of the charge, and those refused were very clearly embraced in those given. The defendant appears to have had a fair trial, and the evidence being such as might well satisfy a jury beyond a reasonable doubt of the guilt of the defendant, we cannot say that the conviction is wrong ; and there being no error in the judgment, it is affirmed.

AFFIRMED.